UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FRANKLIN WIRELESS CORP. DERIVATIVE LITIGATION | Case No.: 21cv1837-AJB(MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE MOTION FOR CONTINUANCE OF CASE SCHEDULE [ECF NO. 43]** |

Pending before the Court is Defendants' Ex Parte Motion for a Reasonable Continuance of Case Schedule ("Ex Parte Motion").[1] (See ECF No. 43.) Defendants explain that due to the anticipated work required to complete expert discovery and file dispositive motions, they are "engaging new co-counsel, who will soon file a Notice of Appearance." (Id. at 1.) Further, lead counsel for Defendants, Stephen Lobbin, says his small law firm is handling two jury trials beginning on July 11, 2023 and August 8, 2023. (Id. at 2.) Thus, Defendants seek the following new deadlines:

- Rebuttal expert designation deadline continued from **June 26, 2023** to **August 28, 2023**;

---

[1] Defendants also submitted an accompanying Declaration of Stephen M. Lobbin, which the Court has reviewed and considered. (See ECF No. 43-1.)

- Dispositive motions deadline continued from **June 26, 2023** to **September 11, 2023**; and
- Expert discovery deadline continued from **July 26, 2023** to **September 18, 2023**.

(Id. at 2.)  In response, Plaintiffs Stephen Harwood and Debra Martin filed an Opposition to Defendants' Ex Parte Motion ("Opposition") arguing that Defendants have not shown "good cause" for the requested extensions.  (ECF No. 44 at 2.)  Plaintiffs assert that the proposed new deadlines will cause delay "because they fall too close to the trial date" and will prejudice Plaintiffs by not allowing them to adequately prepare for trial.  (Id.)  Additionally, they argue that Defendants have not demonstrated "'why, with diligence, [they] cannot meet the deadlines.'"  (Id. (quoting Sihler v. Fulfillment Lab, Inc., No. 20cv1528-H(MSB), 2021 U.S. Dist. LEXIS 146100, at *3 (S.D. Cal. Aug. 3, 2021)).

     A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The good cause standard "primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "If that party was not diligent, the inquiry should end."  Id.  Pursuant to Magistrate Judge Berg's Civil Chambers Rules, any request to continue a deadline must include "[a] declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why the deadlines cannot be met."

     The Court issued its original Scheduling Order on March 16, 2022, setting the following relevant deadlines: (1) February 13, 2023 for rebuttal expert designation; (2) April 13, 2023 for dispositive motions; and (3) March 13, 2023 for expert discovery.  (ECF No. 17 at 2, 5.)  Since then, the Court has extended pretrial dates several times.  (ECF Nos. 27, 30, 39.)  Most recently in April 2023, the Court granted a temporary stay pending mediation and extended all pretrial dates by approximately seventy-five days.

(ECF Nos. 38 & 39.)  Here, Defendants' Ex Parte Motion emphasizes two scheduling conflicts and the substantial work that will be required to complete discovery and file dispositive motions.  (ECF No. 43.)  However, Defendants do not explain the steps they have taken to try to comply with the Court's current schedule.  (Id.)  The Court finds Defendants have not demonstrated diligence to continue the deadlines by the full amount of time requested, but will provide a thirty-day extension to accommodate defense counsel's other trial obligations.  Accordingly, the Ex Parte Motion is **GRANTED in part** and **DENIED in part** as follows:

    1. The parties must identify their rebuttal experts in writing by **July 26, 2023**;

    2. All dispositive motions must be filed by **July 26, 2023**;

    3. All expert discovery must be completed by **August 25, 2023**.

All other dates and deadlines in the Court's operative Scheduling Order [ECF No. 39] remain in effect.

    **IT IS SO ORDERED.**

Dated:  June 21, 2023

Honorable Michael S. Berg
United States Magistrate Judge