UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FRANKLIN WIRELESS CORP. DERIVATIVE LITIGATION | Case No.: 21cv1837-AJB(MSB)<br><br>**ORDER:**<br>**(1) GRANTING IN PART DEFENDANTS' EX PARTE MOTION FOR CONTINUANCE OF CASE SCHEDULE;**<br><br>**(2) ISSUING AMENDED CASE SCHEDULE;**<br><br>**(3) DENYING AS MOOT REQUESTS FOR VIRTUAL ATTENDANCE AT MANDATORY SETTLEMENT CONFERENCE**<br><br>**[ECF NOS. 64 & 65]** |

Before the Court are "Defendants' Ex Parte Motion for a Reasonable Continuance of Case Schedule" and "Plaintiffs' Motion for Virtual Attendance at Mandatory Settlement Conference." (See ECF Nos. 64 & 65.) Defendants request that the remaining case schedule be extended by approximately two months to allow for resolution of their pending motion for summary adjudication [ECF No. 53], which is set for a hearing before Judge Battaglia on November 9, 2023. (ECF No. 64 at 2.) In support, they explain that a summary adjudication ruling will likely impact settlement

1  discussions and pretrial preparation.  (Id.)  Defendants contend "the parties likely would
2  remain far apart until the Court rules on the liability and damages issues briefed on
3  summary adjudication."  (Id. at 3.)  Additionally, defense counsel cites a scheduling
4  conflict due to a jury trial before District Judge Huie beginning on October 16, 2023.  (Id.
5  at 2; ECF No. 64-1 at 2.)  Defendants also request that four Defendants be excused from
6  attending the Mandatory Settlement Conference ("MSC") in person because they are
7  "geographically distant . . . or of advanced age."  (ECF No. 64 at 4.)  The four Defendants
8  are: (1) Joon Wong Jyoung (Korea); (2) Yun J. Lee (Chicago, Illinois); (3) Jonathan Chee
9  (Chicago, Illinois); and (4) Gary Nelson (Los Angeles, California but in his eighties).  (Id.)

10         Plaintiffs Stephen Harwood and Debra Martin filed an Opposition arguing that
11  Defendants have not shown "good cause" for modifying the case schedule, which has
12  already been continued several times.  (ECF No. 66 at 2.)  Plaintiffs contend that
13  Defendants have not demonstrated "'why, with diligence, [they] cannot meet the
14  deadlines.'"  (Id. (quoting Sihler v. Fulfillment Lab, Inc., No. 20cv1528-H(MSB), 2021 U.S.
15  Dist. LEXIS 146100, at *3 (S.D. Cal. Aug. 3, 2021)).  Further, Plaintiffs note that this case
16  has been pending for nearly two years and "[a]ny supposed delay was caused by
17  Defendants waiting until the eleventh hour to file their motion."  (Id. at 3.)  Similarly,
18  Defendants argue there is a lack of good cause justifying a two-month extension of all
19  pretrial dates because it is based on the false premise that a summary adjudication
20  ruling will impact pretrial preparation.  (Id.)  Plaintiffs do not oppose the request that
21  any out-of-state Defendants be allowed to appear remotely at the MSC; however, they
22  oppose the request as to Mr. Nelson, Chairman of the Board of Franklin, because he
23  resides in Los Angeles, California.  (Id. at 4.)  Separately, Plaintiffs filed their own motion
24  seeking leave for Plaintiffs Martin and Harwood to participate remotely at the MSC due
25  to their locations in Tennessee and Kentucky, respectively.  (See ECF No. 65.)

26         On September 11, 2023, the Court held an attorneys-only, telephonic Case
27  Management Conference to discuss these requests.  (ECF No. 68.)  While the Court is
28  reluctant to provide additional extensions in this case—having done so most recently on

July 21, 2023—the Court agrees that settlement discussions are likely to be more productive following a ruling on summary adjudication.  Accordingly, the Court **GRANTS in part** Defendants' Ex Parte Motion [ECF No. 64] as follows:

- The Court **VACATES** the September 19, 2023, MSC before Magistrate Judge Michael S. Berg.  The parties are **ORDERED** to place a joint call to Judge Berg's chambers to reschedule the MSC **no later than five days after the District Judge's ruling on summary adjudication**.
- The Court **VACATES** the October 26, 2023, final Pretrial Conference before the Honorable Anthony J. Battaglia.  The Court will reset the Pretrial Conference in a later order.
- The Court **ISSUES** the following amended case schedule:

| Event | Current Date | New Date |
|---|---|---|
| Comply with pre-trial disclosure requirements of Rule 26(a)(3) | September 28, 2023 | **October 30, 2023** |
| Meeting of counsel | October 5, 2023 | **November 6, 2023** |
| Objections to pre-trial disclosures | October 12, 2023 | **November 13, 2023** |
| Proposed Final Pretrial Conference Order | October 19, 2023 | **November 20, 2023** |

Finally, the Court **DENIES as moot** the requests for Defendants Jyoung, Lee, Chee, and Nelson and Plaintiffs Martin and Harwood to appear remotely at the MSC.  The Court will issue updated guidelines when it reschedules the MSC.

**IT IS SO ORDERED.**

Dated:  September 12, 2023

Honorable Michael S. Berg
United States Magistrate Judge