UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FRANKLIN WIRELESS CORP. DERIVATIVE LITIGATION | Case No.: 21-cv-1837-AJB-MSB<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER STRIKING PLAINTIFF MARTIN'S ALLEGATIONS OF "SHORT-SWING" PROFITS AS PRECLUDED BY A PENDING SETTLEMENT**<br><br>**(Doc. No. 70)** |

Before the Court is Defendants' ex parte request for an Order Striking Plaintiff Martin's allegations of "short-swing" profits as precluded by Defendants' pending settlement in *Nosirrah Management, LLC v. Franklin Wireless Corp. et al.*, Case No. 3:21-cv-01316-RSH (S.D. Cal.). (Doc. No. 70.) Having reviewed the ex parte application, Plaintiffs' opposition, and Defendants' reply, the Court **DENIES** Defendants' request.

I. **IMPROPER REQUEST TO STRIKE ALLEGATIONS**

In their opening brief and reply, Defendants make clear that they request an Order striking Plaintiff Martin's short-swing profits allegations so they may reach a settlement agreement in the *Nosirrah* case currently scheduled for trial in a few days before another

district judge. (Doc. Nos. 70 at 3; 72 at 3.) Regardless of whether the other case is related, the Court finds entirely inappropriate Defendants' attempt to have the Court intervene to influence resolution of another matter.

Notably, Defendants' motion was made without any legal basis. *See generally Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986) (Counsel has "an affirmative duty of investigation both as to law and as to fact before motions are filed.") While Defendants styled their request as a motion to strike, they made no effort to identify the motion to strike standard or explain how their request would meet it. Nor could they. Their request to strike Plaintiff Martin's allegations is based solely on a *pending* settlement in another case. Because there is no actual settlement agreement or release provision before the Court, any motion to strike or collateral estoppel claim based thereon is obviously premature. Simply put, Defendants' request falls troublingly short of satisfying a motion to strike or collateral estoppel standard, and any such issue is clearly not ripe until—at the earliest—a settlement exists.

It is axiomatic that under the United States Constitution, "federal courts can only adjudicate live cases or controversies." *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017); *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution."). Defendants made no effort to acknowledge this longstanding principle, nor do they argue it is inapplicable or should be modified or reversed. Counsel should have known better.

## II. INADMISSIBLE SETTLEMENT EMAILS

Additionally, the Court finds Defendants' attempt to use emails containing the parties' negotiations to gain advantage on the merits of their claim squarely violates Federal Rule of Evidence 408, which renders inadmissible communications made during compromise offers and negotiations "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). Defendants appear to argue that Rule 408 applies

only to discussions about settlement amounts, but their contention is belied by the plain text of the rule. *See id.* (evidence of compromise offers or negotiations are inadmissible "to prove or disprove the validity *or* amount of a disputed claim") (emphasis added). Because the emails Defendants filed in support of their request to strike allegations contains discussion of and references to settlement of a disputed claim, the Court finds them inadmissible under Rule 408. *See id.*; *see also Blodgett v. Allstate Ins. Co.*, No. 2:11-CV-02408-MCE, 2012 WL 2377031, at *5 (E.D. Cal. June 22, 2012) (Rule 408 "furthers the public policy in favor of maintaining the confidentiality of settlement of disputes by generally requiring confidentiality of compromise negotiations in order to encourage full and open dialogue between the parties." (citing *United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982)). Accordingly, the Court sua sponte **STRIKES** Doc. No. 70-2. *See* Fed. R. Civ. P. 12(f).

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendants' ex parte application for an order striking Plaintiff Martins' allegations of short-swing profits based on a pending settlement and sua sponte **STRIKES** Doc. No. 70-2. (Doc. No. 70).

Lasty, as the Court denies the instant motion, Plaintiffs' request to issue an Order to Show Cause upon Defendants regarding Rule 11 sanctions is moot. Nonetheless, the Court notes, as implicated in the above analysis, the obvious deficiencies in Defendants' filing brought it well under the purview of Rule 11 sanctions. Counsel for Defendants is **ADMONISHED** and **REMINDED** of his obligations under Rule 11, and specifically **DIRECTS** him to investigate both the law and facts before filing any motion before this Court. *See Golden Eagle*, 801 F.2d at 1536.

**IT IS SO ORDERED**.

Dated: October 11, 2023

Hon. Anthony J. Battaglia
United States District Judge