# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re FRANKLIN WIRELESS CORP. DERIVATIVE LITIGATION | Case No.: 21-CV-1837-BEN-MSB<br><br>**DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND ORDER GRANTING DEFENDANTS' MOTION TO RETAX COSTS** |

Before the Court are Defendants' Motion for Recovery of Attorneys' Fees and Expenses (ECF No. 166) and Motion to Retax Costs. (ECF No. 175). The Court heard oral argument on May 28, 2025. Having considered the Parties' submission, relevant legal authority, and the record in this matter, the Court rules as follows:

## I. Motion for Attorneys' Fees

Defendants seek attorneys' fees under 28 U.S.C. § 1927, arguing that Plaintiffs unreasonably and vexatiously multiplied proceedings. To impose

-1-

21-CV-1837-BEN-MSB

sanctions under section 1927, the Court must find that counsel acted with bad faith or with recklessness. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F. 2d 626, 638 (9th Cir. 1987); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *Kaass Law v. Wells Fargo Bank, N.A.,* 799 F.3d 1290, 1293 (9th Cir. 2015).[1]

Here, the Record does not support a finding of bad faith or unreasonable conduct. Plaintiffs prevailed at summary judgment on specific issues (ECF No. 88), and the jury ultimately found in their favor on claims of demand futility and breach of fiduciary duty, resulting in a monetary judgment (albeit nominal). (ECF. Nos. 160, 163). These results reflect legal success, not sanctionable litigation conduct.

Defendants have not demonstrated that Plaintiffs' counsel engaged in conduct rising to the level required by section 1927. Accordingly, the Motion for Attorneys' Fees is **DENIED**.

## II. Motion to Retax Costs and Plaintiffs' Bill of Costs

Under Federal Rule of Civil Procedure 54(d)(1), there is a presumption that costs are awarded to the prevailing party. Local Civil Rule 54.1 (f)[2] provides that when both parties recover in part, the party with the more substantial recovery is generally considered the prevailing party.

Plaintiffs obtained a jury verdict in their favor, and a final judgment was

---

[1] *Kaass* clarifies that 28 U.S.C. § 1927 applies only to individual attorneys, not law firms.

[2] "Party Entitled to Costs. The determination of the prevailing party will be within the discretion of the Court in all cases except where such determination is inconsistent with statute or the Fed. R. Civ. P. or the rules of the appellate courts. If each side recovers in part, ordinarily the party recovering the larger sum will be considered the prevailing party. The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a)."

entered accordingly. (ECF Nos 160, 163). While the damages awarded were nominal, precedent establishes that even a nominal award can confer prevailing party status. *See Farrar v. Hobby*, 506 U.S. 103, 112-13 (1992); *see also Mahach-watkins v. Depee*, 593 F.3d 1054, 1059 (9th Cir. 2010); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).[3]

Based on that verdict, the Clerk taxed costs of $15,433.70 in favor of the Plaintiffs. (ECF No. 174). Defendants now move to retax costs, arguing that the nominal nature of the judgment does not justify such an award.

The Court agrees. While nominal damages may suffice to establish prevailing party status, they did not mandate an award of costs. The Court retains discretion to deny costs when the prevailing party's success is purely technical or *de minimis*. *See Ass'n of Mexican-Am. Educators v. California*, 231 F. 3d 572, 591-92 (9th Cir. 2000) (en banc); *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016); *Escriba v. Foster Poultry Farms, Inc.*, 743 F. 3d 1236, 1247-48 (9th Cir. 2014). In evaluating whether costs should be denied, courts may consider equitable factors such as: (1) whether the issues were close and complex; (2) whether the prevailing party's recovery was nominal or partial; (3) whether the losing party litigated in good faith; and (4) whether the case presented a landmark issue of national importance. *See Ass'n of Mexican-Am. Educators*, 231 F. 3d at 592 n. 15; *Save Our Valley*, 335 F. 3d at 945; *Champion Produce, Inc. v. Robinson Co., Inc.*, 342 F.3d 1016, 1022-24 (9th Cir. 2003).

Here, the limited nature of the relief obtained—a $0.99 judgment with no demonstrable injunctive, corporate governance, or monetary benefit to the company—weighs heavily against awarding substantial costs. While the amount

---

[3] "[T]he losing party must show why costs should not be awarded." *Save Our Valey*, 335 F. 3d at 945 (citations omitted).

sought may not be facially excessive, it is materially disproportionate to the outcome achieved.  Awarding over $15,000 in costs under these circumstances would be inconsistent with the equitable principles underlying Rule 54(d)(1).  The Court, exercising its discretion, finds that the Defendants have rebutted the presumption in favor of costs and that equity compels each party to bear their own costs.

Accordingly, the Defendants' Motion to Retax Costs is **GRANTED**.

### III.   Conclusion

For the following reasons:

1. Defendants' Motion for Attorneys' Fees (ECF No. 166) is **DENIED**;
2. Defendants' Motion to Retax Costs (ECF No. 175) is **GRANTED**;
3. Each party shall bear their own costs.

**IT IS SO ORDERED.**

DATED:   June 6, 2025

**HON. ROGER T. BENITEZ**

United States District Judge